IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

EDWIN A. FERRERAS,  )
    Movant,  )
  )    CASE NO. 03-CR-1102 (DLC)
v.  )
  )
UNITED STATES OF AMERICA,  )
    Respondent.  )
  )

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/29/15

MOTION IN OBJECTION TO THE GOVERNMENT'S
OPPOSITION OF ELIGIBILITY UNDER § 3582(c)(2)

Comes Now, Edwin A. Ferreras, pro se, (hereafter "Movant"), in this above styled action moving this court to review the case at bar and hence determine the eligibility of the same for this Movant.

Despite allegations by the United States District Attorney's Office for the Southern District of New York, it is clear when reviewing the Pre-Sentence Report that the Movant's Offense Level was (33) and the Criminal History Category is found to be Category (II). The guideline range for the Offense Level and corresponding history is a range of (151)-(188) months. The Movant contends that under Amendment 782, the Offense Level becomes (31) and the history maintains the same. As such, the new guideline range becomes (121)-(151) months, thus negating the government's argument that the "defendant's guideline range does not change as a result of the amendment to the Guidelines." The statement is simply false. Further, under United States v. Freeman, when the length of an imposed sentence is

clearly tied to the Guidelines, as it is in this instant case, it becomes clear that the court must consider the same when considering eligibility of the application of the new Guideline range in conjunction to amending such sentence as originally imposed.

The court is directed to review the Guideline chart in respect to the claims herein. The government portrays an example of a defendant at an Offense Level of (44), thus equals life, and with the reduction to Offense Level (42), the same still equals life, hence there is not a material change in the outcome regardless of the application and or otherwise of the current amendment. This Movant however is respectively at, reiterating, Offense Level (33) and seeking to be lowered two levels to (31). It is clear and apparent that such does in fact make a significant change to not only the original application of the sentence, but in fact that the Movant is entitled to the application herein.

It is noted additionally that the Movant is to be deported back to his native land upon the completion of the applicable sentence and the cost and bearing of the Movant to the United States is unwarranted at this juncture. The Movant has excellent educational background, a good disciplinary record, and has drastically improved his life during more than a decade that the same has been incarcerated. The Movant has earned this reduction and simply wishes to return to his life with his family at home.

The Movant respectfully requests that this Honorable Court construe the Movants's pro se pleadings both liberally and in the Movant's favor as required by the Supreme Court's decision in <u>Erickson v. Pardus</u>, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L.Ed. 3d 1081 (2007)("[A] pro se complaint, however inartfully pleaded,

must be held to less stringent standards than formal pleadings drafted by lawyers.")(quotation marks and citations omitted.)

The Movant respectfully prays for considerations as described herein and prays that this court GRANT the relief as requested under Amendment 782 via § 3582(c)(2).


JUNE 29, 2015                              Respectfully Submitted,

                                           [signature]
                                           Edwin A. Ferreras
                                           REG 55216-054
                                           F.C.I. Loretto
                                           P.O. Box 1000
                                           Loretto, PA 15940


## CERTIFICATE OF SERVICE

Such was delivered, pre-paid, first class postage, to the mail room at F.C.I. Loretto for delivery to the United States District Court, 500 Pearl Street, New York, NY 10007.

Such was delivered on June 29, 2015.

                                           By:
                                           [signature]
                                           Edwin A. Ferreras